**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYAN MITCHELL, JR., and, <br> BRADY MISNER, on behalf <br> of themselves and others similarly <br> situated, <br><br>       Plaintiffs, <br><br> vs. <br><br> WGU CORPORATION, <br> (formerly known as, and also known as, <br> "Western Governors University") <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Jury Trial Demanded <br><br><br> Case no.:   1:23-cv-1332 |

**COMPLAINT**

**Class Action Complaint for Damages and Injunctive Relief**
**Pursuant to 47 U.S.C. §227 *et seq*. (Telephone Consumer Protection Act)**

Plaintiffs Ryan Mitchell, Jr. and Brady Misner ("Plaintiffs"), individually and on behalf

of all other persons similarly situated, by and through undersigned counsel, hereby file this Class

Action Complaint and Jury Demand against WGU Corporation (formerly known as, and also

known as, "Western Governors University") ("Defendant" or "WGU") for damages, injunctive

relief, equitable relief, and any other relief deemed just and proper arising from Defendant's

violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and the

Federal Communications Commission Rules promulgated thereunder, 47 C.F.R. §64,1200(d) and

(e) ("Rules").

**NATURE OF CASE**

1.     Plaintiffs bring this Class Action Complaint against Defendant to seek redress for

Defendant's willful violations of the TCPA, and the Rules, by placing telemarketing phone calls

to Plaintiffs' cellular telephones using automatic telephone dialing systems ("ATDS") and/or

1

prerecorded voices without their express written consent, and by placing telemarketing phone calls to Plaintiffs' and other class members' cellular telephones after they had requested that Defendant cease such calls and/or after they were registered on the federal "Do Not Call Registry."

2.      Accordingly, under Fed.R.Civ.P. 23, Plaintiffs bring this TCPA action on behalf of themselves and a class of similarly situated individuals under 47 U.S.C. §227(b) and (c).

## JURISDICTION AND VENUE

3.      This Court has original federal question and subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq.*, as this case arises under the laws of the United States (TCPA) and also the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d).  Plaintiffs allege and believe that there are: (i) 100 or more class members; (ii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (iii) at least one member of the plaintiff class is from a different state than the Defendant.

4.      Venue is proper under 28 U.S.C. §1391, inasmuch as Defendant is registered to do business in the state of Ohio, has a registered agent in the state of Ohio, conducts business in the Northern District of Ohio, and a substantial part of the events or omissions giving rise to the claims occurred in, were directed to, or emanated from this district.

## PARTIES

5.      Plaintiff Ryan Mitchell, Jr. is a natural person residing in the city of Euclid, Cuyahoga County, Ohio.  Plaintiff Mitchell is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6.      Plaintiff Brady Misner is a natural person residing in the city of Columbus, Ohio. Plaintiff Misner is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §

153(39).

7.     Defendant WGU Corporation was formerly known as—and also known as—"Western Governors University" (hereafter "WGU").  It is a Utah corporation registered to do business and in good standing in the state of Ohio.  It's principal place of business is located at 4001 South 700 East, Ste. 700, Salt Lake City, Utah 84107.  Its registered agent in the state of Ohio is Cogency Global Inc., 3958-D Brown Park Drive, Hilliard, Ohio 43026.

8.     Defendant WGU is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     According to Defendant WGU's website: "We're an online university dedicated to making higher education accessible for as many people as possible. Everything we do at Western Governors University is aimed at increasing accessibility and opportunity for each student, regardless of their background, motivations, or life situation."[1]

10.    Whenever in this Complaint it is alleged that Defendant WGU committed any act or omission, it is meant that the Defendant's officers, directors, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the actual or apparent authority, ratification or approval of the Defendant, or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## LEGAL BASIS FOR COMPLAINT

11.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy …." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227). The statute requires the Federal

---

[1] www.wgu.edu

Communications Commission ("FCC") to promulgate rules to protect telephone subscribers'

privacy rights, 47 U.S.C. § 227(c), and permits a private right of action for violations of such

rules. 47 U.S.C. § 227(c)(5).

12.    All telemarketing calls placed to cellular telephones using an ATDS and/or artificial

or prerecorded voice violate the TCPA if the calling party does not first obtain prior express

consent from the called party.  47 U.S.C. § 227(b)(1)(A)(iii).

13.    The FCC has defined prior express consent as "an agreement, in writing, bearing

the signature of the person called that clearly authorizes the seller to deliver or cause to be

delivered to the person called advertisements or telemarketing messages using an automatic

telephone dialing system or an artificial or prerecorded voice, and the telephone number to which

the signatory authorizes such advertisements or telemarketing messages to be delivered."  47

C.F.R. § 464.1200(f)(8).

14.    In addition, the FCC Rules allow consumers to make "do-not-call" requests that

companies must honor and track in internal do-not call lists.  This rule applies to cellular phones.

47 U.S.C. § 227(c)(1)(A); 47 C.F.R. § 64.1200(d); 16 C.F.R. § 310.4(b)(1))(ii) and (iii).

15.    The TCPA provides for statutory damages of $500 for each call placed in violation

of the TCPA and the Rules, which may be trebled if the violation is willful.  47 C.F.R. §

227(b)(3).

16.    The TCPA does not provide an express statute of limitations. Therefore, the federal

"catch all" limitations period of four (4) years governs TCPA claims.  28 U.S.C. Section 1658(a).

*See*, *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 561 (7th Cir. 2011)

("The statute of limitations [for TCPA claims] is four years. 28 U.S.C. § 1658."); *Bridging*

*Communities, Inc. v. Top Flite Fin., Inc.*, 2013 WL 185397, at *5 (E.D. Mich. Jan. 17, 2013)

("Plaintiff's private TCPA claim is subject to the federal four-year 'catch-all' statute of limitations").

17.    While WGU is a nonprofit educational institution, calls made to cellular phones by or on behalf of such an organization for telemarketing purposes are not covered by any exemptions to the TCPA.  *See* 47 C.F.R. 64.1200(a)(3)(vi).[2]  As alleged herein, Plaintiffs' claims relate only to calls made to cellular phones.

## FACTUAL ALLEGATIONS

18.    During the months of February and March, 2023, Plaintiff Ryan Mitchell, Jr. received an estimated four marketing phone calls identifying the caller as being Defendant WGU.  At least one or more of these calls were received in Euclid, Ohio.  He received these calls on his cell phone with the ending four numbers being 8722.  Mitchell, Jr. answered each of these phone calls, but after hearing that they were pre-recorded in nature, he would hang up.  Mitchell, Jr. was aware that these calls used a prerecorded voice message because of his familiarity with normal human interaction, intonation, manners of speaking, and their ability to engage in the prerecorded or artificial voice in reciprocal, sensical communication.

19.    At no point did Mitchell, Jr. provide any express written consent to Defendant to receive these calls.

20.    Beginning in 2021 and through August, 2022, Plaintiff Brady Misner received an estimated eight to ten marketing phone calls identifying the caller as being Defendant WGU.  At least one or more of these calls were received in Columbus, Ohio.  He received these calls on a cell phone with the ending four numbers being 2913.  When Misner answered each of these

---

[2] *See e.g., Aranda v. Caribbean Cruise Line,Inc.*, No. 12 C 4069, 2016 WL 1555576, at *6 (N.D. Ill. Apr. 18, 2016) ("even non-telemarketing, informational calls, such as those by or on behalf of tax-exempt non-profit organizations . . . require either written or oral consent if made to wireless consumers").

phone calls, there would be a pause after he said hello, and then he could tell he was waiting for

somebody on the other end to pick up a line.  When that occurred, Misner would be speaking

with a live person.  Toward the end of receiving these calls, he informed the live caller that he

longer wanted to receive these calls.  Also, Misner was so tired of getting these calls, he changed

his cell phone number to one ending in 1717.  While the calls stopped for about one month on

this new number, they eventually started once again.  Also, Plaintiff Misner was on the federal

"do not call" list when he received all of these calls.

      21.    At no point did Misner provide any express written consent to Defendant to receive

these calls.

      22.    The two Plaintiffs are not alone in experiencing these TCPA violations by

Defendant WGU.  In February 2022, a consumer published a response to a post in a Reddit

thread about receiving calls from WGU despite her never giving consent to be called.  The poster

maintains that after communicating to the university that she did not want to be contacted again,

and after receiving a confirmation via text that she would be put on the do not call list, the

unwanted calls from WGU persisted.[3]



---

[3] https://www.reddit.com/r/WGU/comments/fpu4kj/they_wont_stop_calling_methis_is_harassment/

23.     In another Reddit post, published around July 2021, one consumer claimed that
WGU failed to comply with her do not call requests even after she had revoked her consent to be
contacted by WGU on multiple channels.[4]



24.     In another post published on November 18, 2021, on the "all nurses" forum, a
consumer claims that she received multiple pre-recorded messages from WGU.[5]

---

[4] *Id. supra.*
[5] https://allnurses.com/dont-like-robo-calls-t491727/



25.     There have also been posts on the Better Business Bureau ("BBB") website

demonstrating that even after individuals have orally communicated requests to be put on the do

not call list, they still receive unwanted calls from WGU.[6]



26.     Consumers have made complaints to the Federal Trade Committee, reporting

alleged TCPA violations by asserting that they received pre-recorded calls from WGU official

---

[6] https://www.bbb.org/us/ut/salt-lake-city/profile/college-and-university/western-governors-university-1166-4001017/complaints

telephone numbers (866-225-5948).



| Company_Phone_Num | Created_Date | Violation_Date | Consumer_City | Consumer_State | Consumer_Area | Subject | Recorded_Message_Or_Robocall |
|---|---|---|---|---|---|---|---|
| 8662255948 | 29/09/2021 20:36 | 29/09/2021 20:30 | North Hollywood | California | 323 | Other | Y |
| 8662255948 | 23/10/2021 16:51 | 23/10/2021 0:00 | | California | 562 | Dropped call c | N |

Pictured above: excerpt from Federal Trade Committee consumer complaint log showing two received complaints from verified WGU number (866)225-5948.

27.     Plaintiffs have a reasonable and good faith belief that Defendant WGU utilizes a company called Genesys as its agent to place some or all of the calls described above that were received by the Plaintiffs and proposed class members.  Indeed, Genesys identifies WGU as one of its client success stories.[7]  Other corporate customers of Genesys have had TCPA class claims brought against them as well.[8]

## CLASS ACTION ALLEGATIONS

28.     In order to redress injuries caused by Defendant's violations of the TCPA and Rules, Plaintiffs, on behalf of themselves and a class of similarly situated individuals, bring this suit under the TCPA, 47 U.S.C. § 227, *et seq*.

29.     On behalf of themselves and the proposed Classes, Plaintiffs seek an injunction requiring Defendant to cease all calls to consumers who have requested that they stop calling customers for telemarketing purposes and/or are registered on the federal Do Not Call Registry, and an award of statutory damages to the class members.

---

[7] https://www.genesys.com/customer-stories/western-governors-university
[8] Two Genesys corporate customers, Freedom Mortgage Corporation and Navient Solutions, LLC, have been subject to class action litigation for violating the TCPA using Genesys' automated dialing systems. (*See Somogyi v. Freedom Mortg. Corp.*, 495 F. Supp. 3d 337 (D.N.J. 2020); *Amanda Hill v. Navient Solutions, LLC, et al.*, 2019 WL 8160631 (C.D.Cal.))  On September 15, 2020, Freedom Mortgage Corp. agreed to pay $9.5 million to settle the TCPA related claims against them.

30.    Plaintiffs bring this action under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of themselves and the following Classes, defined as follows:

(a) All individuals in the United States who received telemarketing phone calls sent by or on behalf of Defendant to the individual's cellular phone from four years from the date of this filing to the date this Class is certified, where the individuals contacted had previously requested that Defendant stop calling and/or were registered on the federal Do Not Call Registry at the time of the calls. (the "Call Stop Class").

(b) All individuals in the United States whose telephone numbers had been assigned to cellular phones, and who received phone calls sent by or on behalf of Defendant placed through the use of an automatic telephone dialing system and/or on an artificial or prerecorded voice, from four years from the date of this filing to the date this Class is certified, without prior express written consent. (the "Cellular Non-Consent Class").

31.    The following individuals are excluded from the two proposed classes ("Classes"): (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and the current or former officers and directors of any of the foregoing; (2) persons who properly execute and file a timely request for exclusion from any of the Classes; (3) the legal representatives, successors or assigns of any such excluded persons; and (4) persons whose claims against Defendant have otherwise been fully and finally adjudicated and/or released.

32.    Plaintiffs and the members of the proposed Classes were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiffs and the Class members despite oral or written requests that the calls stop, thereby invading the privacy of Plaintiffs and Class members, and subjecting Plaintiffs and the Class members to annoying and harassing calls that constitute a nuisance.

**Numerosity and Ascertainability**

33.     The exact size of the Classes is unknown and not available to the Plaintiffs at this time, but it should easily exceed 100 persons, and it is clear that individual joinder in this matter as pled is impracticable.

34.     Defendant WGU is one of the nation's largest online universities with over 130,000 enrolled students.  Its annual revenue is $855 million, and it employs over 10,000 employees. On information and belief, WGU placed thousands of phone calls that fall into the definition of the Classes.

35.     Members of proposed Classes can be easily identified through Defendant's records and data containing the time period(s) during which Defendant placed the telephone calls; the telephone numbers to which Defendants placed the telephone calls; and which numbers it believed were wrong numbers or that it lacked consent to call.

## Commonality

36.     There are many questions of law and fact common to the claims of Plaintiffs and the proposed Classes, and those questions predominate over any questions that may affect individual members of the proposed Classes.

37.     Common questions for the proposed Classes include, but are not necessarily limited to the following:

a.   For the Call Stop Class, whether Defendant failed to honor "do not call" requests or had a protocol in place to do so;

b.   For the Cellular Non-Consent Class, whether Defendant had a practice of calling its customers for telemarketing purposes on their cell phones using ATDS or prerecorded voices without the customers' prior express written consent;

c.   Whether Defendant's conduct violated the TCPA;

11

d.  Whether Class members are entitled to treble damages based on the willful and/or

knowing nature of Defendant's conduct; and

e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

38.  Plaintiffs' claims are typical of the claims of the other members of the Classes.

39.  Plaintiffs have no interests that are antagonistic to, or in conflict with, the Classes.

40.  Plaintiffs and the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with the Plaintiffs and the Classes.

### Adequacy of Representation

41.  Plaintiffs will thoroughly and adequately protect the interests of the Class, as Plaintiffs and their retained counsel do not have any conflicts of interest with the proposed Class, are experienced in class actions of this type and can adequately represent the interests of the class, and Plaintiffs and their counsel have adequate financial resources to assure that the interests of the class will not be harmed.

### Superiority

42.  Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

43.  The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.  A class action provides a fair and efficient method for adjudication of the controversy.

44.  Common questions will predominate, and there will not be unusual manageability issues.

45.    The prosecution of separate actions would risk confronting Defendants with incompatible standards of conduct and may also prove dispositive of the interests of other members not parties.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b)(1)(A)(iii))

46.    Plaintiffs re-allege each and every allegation of this Complaint contained in each of the previous paragraphs inclusive as if more fully set forth herein.

47.    Defendant placed calls to Plaintiffs Mitchell, Jr. and Misner and other members of the Cellular Non-Consent Class on their cell phones that were made using an ATDS and/or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### Second Cause of Action
### (Violations of the Telephone Consumer Protection Act
### 47  U.S.C. § 227(c)(1)(a))

48.    Defendant place phone calls to the Plaintiff Misner after he requested that they stop, and after Plaintiff was registered on the federal Do Not Call Registry, and Defendant did so for the purpose of marketing products and/or services to Plaintiff and also did the same to other members of the proposed Call Stop Class in violation of 74 U.S.C. § 227(c)(1)(a), 47 C.F.R. § 64.1200(d), and 16 C.F.R. § 310.4(b)(I)(iii).

49.    Defendant's acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

50.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, and accompanying regulations, Plaintiffs and each member of the proposed Classes are entitled to damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

51.     Plaintiffs and the members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs individually and on behalf of the proposed Classes alleged herein, demand judgment against Defendant on each of the above-referenced claims as follows:

a.     An order certifying this matter as a class action pursuant to Federal Rules of Civil Procedure 23 with Plaintiffs as Class Representatives;

b.     An order designating Donelon, P.C. as Class Counsel;

c.     An award of actual and statutory damages of $500 for each and every statutory violation to each member of the Classes pursuant to 47 U.S.C § 227(b)(3)(B);

d.     Alternatively, an award of actual and statutory damages of up to $1,500 for each and every willful/and or wanton violation to each member of the Classes pursuant to 47 U.S.C § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

e.     Injunctive relief prohibiting such violations of the TCPA and Rules by Defendant in the future;

f.     Pre-judgment interest on monetary relief;

g.     Post-judgment interest on monetary relief;

h.     An award of attorneys' fees and costs to the fullest extent permitted by law; and

i.     All other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Plaintiffs request a trial by jury on all issues so triable.

14

Respectfully submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig*
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:     (314) 297-8385
Fax:     (816) 709-1044
dan@donelonpc.com
*pro hac vice forthcoming*